UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  vs.<br><br>CHRISTOPHER BUTLER,<br><br>    Defendant. | Case No: CR 11-0529 SBA<br><br>**ORDER DENYING MOTION TO SEAL DOCUMENTS**<br><br>Docket 35, 36. |

Before the Court is the parties' joint motion to seal documents, which requests leave of Court to file the following documents under seal: (1) "Stipulated Motion and [Proposed] Order to Set Date For Change of Plea And to Vacate Briefing Schedule And The Pretrial Motion Hearing Date Presently Scheduled For June 11, 2012"; (2) Declaration of William E. Gagen, Jr. in Support of Defendant's Administrative Motion to File Documents Under Seal"; and (3) "Motion to Seal Documents and [Proposed] Sealing Order." Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the parties' joint motion to seal documents, for the reasons stated below.

## I. <u>DISCUSSION</u>

In connection with their motion to seal documents, the parties submitted a stipulation requesting that the Court place this matter on its 10:00 a.m. calendar on May 4, 2012 for change of plea. In support of the sealing request, Defendant Christopher Butler ("Defendant") submitted the declaration of William Gagen, Jr., counsel of record for Defendant. In his declaration, Mr. Gagen states that "[i]n order to comply with the general presumption of open records, it is proposed that the documents be unsealed 48 hours prior

to the actual date for the entry of [Defendant's] plea." Gagen Decl. ¶ 2. According to Mr. Gagen, "[i]f the pendency of Defendant's plea is a matter of public knowledge for nearly two weeks prior to the actual entry of plea, it may, because of protracted press coverage, generate enough pre-plea publicity that it could prejudice the rights of the non-pleaing co-defendant." Id.

### A. Legal Standard

"Except for Civil L.R. 79-5(e), all other provisions of Civil L.R. 79-5 apply to the filing of documents under seal in criminal cases." Crim. L.R. 55-1(b). Civil Local Rule 79-5(a) provides, in relevant part, as follows:

> No document may be filed under seal, i.e., closed to inspection by the public, except pursuant to a Court order that authorizes the sealing of the particular document, or portions thereof. A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law. . . . The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(b) or (c). A stipulation, or a blanket protective order that allows a party to designate documents as sealable, will not suffice to allow the filing of documents under seal.

Under Civil Local Rule 79-5(b), counsel seeking to file an entire document under seal must "[f]ile and serve an Administrative Motion to File Under Seal, in conformance with Civil L.R. 7-11, accompanied by a declaration establishing that the entire document is sealable."

The public and the press have a presumed right of access "to criminal proceedings and documents filed therein." CBS, Inc. v. U.S. Dist. Court for Cent. Dist. of California, 765 F.2d 823, 825 (9th Cir. 1985). The right of access is grounded in the First Amendment and in common law and extends to documents filed in pretrial proceedings as well as in the trial itself. Id.

In the Ninth Circuit, there is a "strong presumption in favor of access to court records" in both civil and criminal actions, which can only be overridden if there are "sufficiently compelling reasons for doing so." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003); see also Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010) (a motion to seal documents which are part of the judicial record is

governed by the "compelling reasons standard").  A party seeking to seal court proceedings or documents can overcome the presumed right of public access under the First Amendment "only if three substantive requirements are satisfied: (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest."  See Oregonian Publ'g Co. v. U.S. Dist. Court, 920 F.2d 1462, 1466 (9th Cir. 1990); see also Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178-1179 (9th Cir. 2006) (to satisfy the compelling reasons standard, a party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure).  The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons standard."  See Kamakana, 447 F.3d at 1178.

### B.    Motion to Seal Documents

The Court finds that the parties' joint motion to seal documents does not satisfy the requirements of Civil Local Rule 79-5.  First, to the extent that the parties' motion is made "[p]ursuant to Stipulation of counsel," it does not comply with Civil Local Rule 79-5(a), which specifically states that a "stipulation . . . that allows a party to designate documents as sealable, will not suffice to allow the filing of documents under seal."

Second, the parties have not established that the documents they seek to file under seal are "privileged or protectable as a trade secret or otherwise entitled to protection under the law," as required by Civil Local Rule 79-5(a).  The parties' motion does not identify any compelling reason to seal judicial records supported by a specific factual finding that outweighs the general history of access to court records and the public policies favoring disclosure.  Indeed, the parties' motion does not provide any facts or law demonstrating that the documents they seek to file under seal are sealable.

Nor does the declaration accompanying the parties' motion establish that the documents are sealable.  The Court finds that Mr. Gagen's speculative assertion that "protracted press coverage" "may" "generate enough pre-plea publicity that it could

prejudice the rights of the non-pleaing co-defendant" is not sufficient to overcome the presumption of access to documents filed in a criminal case. This assertion falls far short of what the local rules require for the issuance of a sealing order, which includes a showing that the documents are "privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(a).

In short, because the parties did not provide any analysis with respect to the "three substantive requirements" that must be satisfied to justify the issuance of an order sealing Court documents, they failed to sustain their burden to meet the compelling reasons standard to overcome the strong presumption in favor of access to court records. Accordingly, the parties' joint motion to seal is DENIED.

## II. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. The parties' joint motion to seal is DENIED.

2. The parties may e-file their "Stipulated Motion and [Proposed] Order to Set Date For Change of Plea And to Vacate Briefing Schedule And The Pretrial Motion Hearing Date Presently Scheduled For June 11, 2012" unsealed.

3. This Order terminates Docket 35, 36.

IT IS SO ORDERED.

Dated: 5/1/12

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge