MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

HARTLEY M. K. WEST (CABN 191609)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6747
    FAX: (415) 436-7234
    Hartley.West@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR NO. 11-00529-1 SBA (KAW) |
|     Plaintiff, | UNITED STATES' RESPONSE TO DEFENDANT'S MOTION PURSUANT TO 18 U.S.C. § 2255 |
|     v. | |
| NORMAN WIELSCH, | |
|     Defendant. | |

## I.     INTRODUCTION

Defendant Norman Wielsch, a former Special Agent Supervisor with the California Department of Justice and Commander of the Central Contra Costa County Narcotics Enforcement Task Force (CNET), pleaded guilty to stealing and selling drugs, robbing prostitutes, and conspiring to deprive people of their civil rights. By this habeas motion he now seeks to escape the plain terms of his plea agreement and obtain a sentence below the mandatory minimum on the ground that his sentence is procedurally and substantively unreasonable.

Defendant's motion is triply foreclosed. First, he waived in his plea agreement the right to file this motion. Second, his plea agreement bars him from requesting a sentence below ten years' imprisonment. Third, on the merits, his sentence is reasonable both procedurally and substantively.

USA'S RESPONSE TO DEFENDANT'S 2255 MOTION
CR 11-0529-1 SBA (KAW)     1

## II.   SUMMARY OF RELEVANT FACTS

### A.   The Plea

On December 5, 2012, defendant entered guilty pleas pursuant to a plea agreement before U.S. Magistrate Judge Kandis A. Westmore.  The charges to which he pleaded guilty are conspiracy to distribute marijuana and 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii) and 841(b)(1)(D); theft from programs receiving federal funds, in violation of 18 U.S.C. § 666(a)(1); two civil rights conspiracies, in violation of 18 U.S.C. § 241; and Hobbs Act robbery, in violation of 18 U.S.C. § 1951.

Paragraph 5 of the plea agreement provides: "I agree not to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255," except for a motion for ineffective assistance of counsel.  The plea agreement also sets forth the mandatory minimum prison term of ten years under 21 U.S.C. § 841(b)(1)(A)(viii), which defendant "agree[d] not to seek a sentence below." Plea Agr. ¶¶ 1, 7.  Defendant further agreed not to seek any downward departure, although he retained his right to argue for a variance under the factors set forth in 18 U.S.C. § 3553(a).  Plea Agr. ¶ 7.

### B.   The Sentencing

On May 20, 2013, U.S. District Judge Saundra Brown Armstrong accepted defendant's guilty plea and conducted a sentencing hearing.  In its sentencing memorandum and supporting documents, as well as at the hearing, the defense argued vigorously that defendant should receive a sentence of home detention due to his mental condition.  While the Court agreed that defendant's mental condition played some part in his offense conduct, it determined based on defendant's admissions in his plea agreement that he had also acted out of greed: "I do believe he has some mental issues.  I am not so sure I consider them to be as significant in terms of his behavior because I'm convinced that part of it was pure greed." (Tr. 22:5-7.)  The Court continued, "I am not at all convinced . . . that his mental condition drove his commission of these crimes completely, but I do believe that it played a part.  But I also believe that part of it was just pure greed as well." (Tr. 22:5-11.)  The Court observed that defendant admitted having negotiated 50% of the proceeds for himself – a better deal than his codefendants got – from the sale of narcotics that he stole from evidence.  (Tr. 22:21-23:5.)

/ / /

The Court emphasized "the gravity of Mr. Wielsch's conduct and just the pure egregiousness," which warranted a serious sentence. (Tr. 46:24-25.) "[I]t is critical to the public's reliance on the criminal justice system to have confidence and trust in that system. And when you see a police officer in his position of responsibility abusing that trust, it's very difficult to restore the public confidence in law enforcement. And I think to some extent that has to be taken into account in terms of the Court's response to this behavior." (Tr. 47:5-12.)

The Court continued:

> I do believe that Mr. Wielsch's longstanding medical condition should be taken into consideration, but I'm not of the opinion that those issues warrant the sentence below the Guideline range, let alone a sentence of home confinement.
>
> I'm not persuaded that Mr. Wielsch's comments that only mental disease explains his behavior because, as I indicated, he admitted in his plea agreement at least two other reasons that animated his conduct, and neither of those, I believe, were attributable to his mental condition.
>
> So what I am inclined to sentence him to is the low end of the Guideline range because I think the low end of the Guideline range adequately takes into account his medical condition, from the Court's perspective, as well as the need for his sentence to reflect the egregiousness of the offenses. It also promotes respect for the law and provides just punishment and enforce [sic] adequate deterrence.

(Tr. 46:24-48:3.)

The Court then sentenced defendant to a total of 168 months' imprisonment on the narcotics conspiracy and Hobbs Act counts, five years' supervised release, a $150,000 fine, and a $500 special assessment. It concluded the sentencing hearing: "And I'll just say that I think this sentence is adequate, particularly given the abuse of trust which I think . . . could potentially undermine our criminal justice system in the eyes of the public in such a significant way, and it also takes into account the medical issues that Mr. Wielsch has brought to the Court's attention." (Tr. 51:24-52:4.)

### III.   ARGUMENT

**A.   Defendant Waived His Right to File this § 2255 Motion**

Defendant's waiver of his right to file a 28 U.S.C. § 2255 motion is valid and enforceable. *See United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.1992) (stating that a knowing and voluntary waiver is enforceable). The Court should deny his motion on this basis alone.

///

**B.     Defendant Waived the Right to Seek a Sentence Below Ten Years' Imprisonment**

Defendant waived through his plea agreement any right to seek a sentence below this mandatory minimum. This waiver precludes his effort to obtain a sentence of five years' imprisonment and five years' home detention.

**C.     Defendant's Sentence is Procedurally and Substantively Reasonable**

Defendant argues that his sentence is procedurally unreasonable because the Court was precluded from taking his mental condition into account and substantively unreasonable because Zone D permits only sentences of imprisonment. This makes no sense.

First, the Court expressly took defendant's mental condition into account. Indeed, the Court stated that it would likely have imposed a sentence at the high end of the advisory Guideline range had it not been considering his mental condition. Mental condition is part of a defendant's history and circumstances under 18 U.S.C. § 3553(a), and is thus entirely appropriate for courts to consider in fashioning a sentence. For defendant, it brought him in Judge Armstrong's judgment to the low end of the Guidelines range.

Second, the Guidelines' zones – as with the rest of the Guidelines – are advisory. The Court could have found that a sentence below the advisory Guideline range was appropriate under § 3553(a). It could not, however, sentence defendant below ten years' imprisonment. The Controlled Substances Act established such a sentence as the mandatory minimum for defendant's conspiracy to distribute methamphetamine. 21 U.S.C. § 841(b)(1)(A)(viii). Courts lack authority to impose sentences below minimum prison terms established by Congress and set forth in statutes. *See United States v. Wipf*, 620 F.3d 1168, 1171 (9th Cir. 2010). Based on the district court's judgment and discretion, Judge Armstrong decided that the mandatory minimum sentence of ten years' imprisonment was not a sufficient sentence in light of the "pure egregiousness" of defendant's conduct. Accordingly, she sentenced him to 168 months, the low end of the applicable Guideline range.

There was no constitutional error in the Court's application of the Sentencing Guidelines. Accordingly, even were the Court to reach the merits, it should deny defendant's § 2255 motion. *United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994).

///

## IV. CONCLUSION

The Court should deny defendant's § 2255 motion "to vacate and to correct" his sentence. He waived his arguments in his plea agreement below, and his sentence was neither procedurally nor substantively unreasonable.

DATED: July 14, 2014               Respectfully submitted,

                                   MELINDA HAAG
                                   United States Attorney


                                          /s/
                                   _____
                                   HARTLEY M. K. WEST
                                   Assistant United States Attorney